IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH CEDRIC MARTIN, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-04-3248 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Pending before the Court is Respondent's Motion for Summary Judgment.  This Court will GRANT the motion and DISMISS all claims for the reasons stated below.

## I. BACKGROUND AND CLAIMS

Petitioner is incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID).  Petitioner brings this habeas corpus application under 28 U.S.C. § 2254.  He challenges the failure of the TDCJ to release him to mandatory supervision.  Respondent contends the application is time barred under 28 U.S.C. § 2244(d).

Petitioner is serving three sentences in the TDCJ.  The 179th District Court of Harris County, Texas convicted him of murder in 1983 under cause number 376235.  On September 21, 1983, the state court assessed punishment at twenty-five years in

1

prison.  After serving six years and ten months on this sentence, Petitioner was paroled from the TDCJ-CID.

While on parole, Petitioner was charged with new crimes.  On May 10, 1990, he pleaded no contest to the charge of delivery of a controlled substance in cause number 594666 and also pleaded no contest to the charge of aggravated assault with a deadly weapon in cause number 591359 in the 337th District Court of Harris County, Texas.  The court found him guilty and assessed punishment at seventeen years imprisonment in the TDCJ-CID in both cases.  The Texas Board of Pardons and Paroles (Board) returned Petitioner to prison.

Petitioner raises these grounds for relief:

1. The Board unconstitutionally denied Petitioner mandatory supervision release (MS) by failing to aggregate his three concurrent sentences into one sentence.

2. The Board unconstitutionally and retroactively applied a discretionary statute to his sentence.

Petitioner's assertions and contentions follow.  Under a plea bargain agreement in his 1990 convictions, the state court found Petitioner guilty and assessed punishment at seventeen years in prison in both cases.  The state court ordered the two sentences to run concurrently with each other and concurrently with the remaining sentence in the prior murder conviction.  When Petitioner returned to prison on revocation of his parole

to finish serving the 1983 sentence and to start serving his two new 17-year sentences, he had about 18 calendar years remaining on his murder sentence.

The sentence on the murder conviction was his controlling sentence and "consumed" the two 17-year sentences. This was in accordance with Petitioner's plea agreement. Prison officials originally treated Petitioner's three sentences as one sentence. This treatment was the practice in Texas at that time and consistent with the plea bargain agreement. He returned to the TDCJ-CID under his old sentence and under his old prison number. Computer printouts issued to Petitioner in 1992 and 1994 show his mandatory supervision release date to be May 14, 1996. *See* Original Petition, p. 7(c), ¶ 1; Exhs. B, C. These printouts "confirmed the above mentioned facts." *Id.*, p. 7(c), ¶ 1.

Later, officials handled the sentences differently. This different treatment extended Petitioner's prison stay by pushing back his mandatory supervision release date several years. A printout issued to Petitioner in 1999 shows a mandatory supervision release date of October 15, 2007. *Id.*, Exh. D.

Changes in TDCJ policy concerning sentence calculations on multiple sentences were applied retroactively to Petitioner's sentences to increase the time he would have to serve in prison. Petitioner suffered violations of the *ex post facto* clause and the double jeopardy clause. Petitioner also claims the denial of mandatory supervision

release violated his plea bargain agreement.

## II. RESPONDENT'S SUMMARY JUDGMENT MOTION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which

amended the habeas corpus statutes, imposed a statute of limitations on habeas corpus

challenges to state court convictions and sentences.  The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by
>> State action in violation of the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly recognized
>> by the Supreme Court and made retroactively applicable to cases on
>> collateral review; or
>> (D) the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
> (2) The time during which a properly filed application for State post-conviction
> or other collateral review with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d)(West 1996).

Respondent's contentions follow.  Subsection 2244(d)(1)(D) governs Petitioner's

claims.  Respondent points out that Petitioner says in his Original Petition that after he

returned to prison he received prison time sheets showing a release date of May 14,

1996.  *See* Docket Entry No. 1, p. 7(c), ¶ 1.  Petitioner was or should have been aware of the facts of his claims on May 14, 1996, when the TDCJ failed to release him to mandatory supervision.  The limitation period started to run on May 14, 1996.  *See* 28 U.S.C. § 2244(d)(1)(D).  Absent tolling, the statute of limitations expired on May 14, 1997.

Respondent mentions an alternative date, October 6, 1998, on which Petitioner had knowledge that he was not going to be released to mandatory supervision on the date he expected.  However, using this alternate date as the start of the limitation period does not change the result in this Court's statute-of-limitations analysis.

Petitioner filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure raising some or all of his federal claims.  *See Ex Parte Martin,* Application No. 26,248-03, State Habeas Record (HR).  Petitioner filed the application on January 2, 2003.  *Id*., at 2.  On March 26, 2003, the Texas Court of Criminal Appeals dismissed the writ application.  *Id*., at cover.  The court dismissed it for non-exhaustion of state administrative remedies, citing TEX. GOV'T CODE ANN. § 501.0081.  *Id*.  Section 501.0081(b) provides that a prisoner may not apply "for a writ of habeas corpus under Article 11.07 ... [to] raise  a claim [about a] time-served credit error until: (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system or (2) 180 days have elapsed without a resolution

of claim."

After the dismissal of the state writ application, Petitioner sought administrative review of the time-credit-calculation part of his federal claims.  *See* Original Petition, Docket Entry No. 1, p. 7(c).  He submitted dispute resolution forms under TDCJ's time credit dispute system.  *See In re Russell*, 60 S.W.3d 875, 876 (Tex. Cr. App. 2001); TEX. GOV'T CODE ANN. § 501.0081(b) (Vernon 2004).  He submitted these claim forms on May 9, 2003, and November 20, 2003.  *See* Respondent's Motion for Summary Judgment, Wilder aff., attached letter, p. 1.

Petitioner filed his first state application for habeas corpus relief on his federal claims on January 2, 2003.  That is more than six years after Petitioner was aware of the factual predicate of his claims and five years after the statute of limitations expired.  Therefore, the pendency of Petitioner' state writ applications and administrative review did not toll the limitation period under 28 U.S.C. § 2244(d)(2) because he did not file them until after the limitation period had ended.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner filed this federal application on August 16, 2004.  That is more than eight years after May 14, 1996, when the factual predicate of his claims could have been discovered through the exercise of due diligence, and more than seven years after the statute of limitations expired.  Under Respondent's analysis, this federal application is

6

untimely.

## III. PETITIONER'S REPLY

Petitioner argues that the AEDPA statute of limitations does not apply to his claims because he does not challenge a state court conviction, citing *Cox v. McBride*, 279 F.3d 492, 493-94 (7th Cir. 2002) (the limitation period applies to petitions contesting the judgment of a state court, but not to petitions contesting administrative decisions). The Fifth Circuit's determination of this question differs from the Seventh Circuit's. *See Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (citing *Cox*). 28 U.S.C. § 2244(d) applies to Petitioner's claims.

Petitioner alternatively argues that if the statute of limitations under section 2244(d) applies here, that his claims should be analyzed under subsection (d)(1)(A). Under that subsection, the statute of limitations begins to run when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner maintains the administrative decision concerning his challenged sentences concluded and became final when his administrative review was completed on December 18, 2003, or on August 12, 2004, "after .... unsuccessfully seeking relief from [the] Texas courts." *See* Petitioner's Reply to Respondent's Answer, Docket Entry No. 23, p. 12, ¶ VIII.

Petitioner's contention that the limitation period on his claims did not start until

administrative collateral review ended does not hold water.  A finality analysis under subsection (d)(1)(A) is not appropriate here because Petitioner does not directly challenge his state court conviction or sentence.  *See Kimbrell*, 311 F.3d at 364 ("Subsection (A) ties the date of filing expressly to the state court judgment pursuant to which a prisoner is in custody.  This reference, and the further reference to direct appellate review, unmistakably concern only the judgment of conviction and cannot be expanded to include an administrative ruling determining the manner in which the sentence will be carried out.").  As Respondent contends, subsection 2244(d)(1)(D) controls Petitioner's attack on the administrative decisions concerning time calculations and his mandatory supervision release.  *Id*.  Under that subsection, the limitations clock starts when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).

Respondent also asserted that Petitioner failed to exhaust his state court remedies. In his response to this argument, Petitioner claims he filed more than the five state writ applications reflected in Respondent's summary judgment evidence.  However, nothing Petitioner alleges in his pleadings raises a genuine issue of material fact that he properly filed any state writ applications, administrative petitions, or any other collateral review under 28 U.S.C. § 2244(d)(2), prior to  May 14, 1997, the end of the limitation period.

Petitioner has not overcome Respondent's summary judgment showing that his

8

claims are time barred under 28 U.S.C. § 2244(d).

Petitioner also raises equitable tolling. He argues that TDCJ officials and employees fraudulently concealed the facts of his claims from him. *See* Petitioner's Reply to Respondent's Answer, Docket Entry No. 23, p. 13, ¶ XI; P. 16. Equitable tolling should only be used in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner must show that he was "actively misled by the [respondent] about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (internal quotation marks omitted). "The petitioner bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner offers no specific factual allegations in support of his assertions on equitable tolling and nothing in the record before this Court shows the concealment of the facts of Petitioner's claims. Petitioner has not shown rare and exceptional circumstances nor that anyone mislead him concerning his claims and is not entitled to equitable tolling.

## IV. CONCLUSION

Petitioner's federal application is time barred. Accordingly, it is ORDERED that

Respondent's Motion for Summary Judgment [Docket Entry No. 11] be GRANTED. This action is DISMISSED with prejudice as time barred under 28 U.S.C. § 2244(d).

This Court finds that Petitioner has not made a substantial showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), *cert. denied*, 534 U.S. 945 (2001). This Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 26th day of July, 2005.

_____

DAVID HITTNER

United States District Judge

10